**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**CHRISTOPHER C. DIGGS** **PLAINTIFF**

**VERSUS** **CAUSE NO.** 1:15cv186-SA-DAS

**THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY** **DEFENDANT**

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

This is an action to recover actual and punitive damages for violation of the Americans with Disabilities Act, and for race discrimination. The following facts support this action:

1.

Plaintiff CHRISTOPHER C. DIGGS is an adult resident citizen of 626 Martin Luther King Circle, Oxford, Mississippi 38655.

2.

Defendant THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY is a Delaware corporation with its principal office address in Texas, doing business in the State of Mississippi. Defendant may be served with process by service upon its registered agent, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. It is an employer within the meaning of the Civil Rights Act of 1964 and the Americans with Disabilities Act.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction 28 U.S.C. § 1343, and under the jurisdictional provisions of the Americans with Disabilities Act (ADA), as amended by the Americans with Disabilities Act Amendments Act (ADAAA), 42 U.S.C. § 12101, *et seq*., and Title VII of the Civil Rights Act of 1964, as amended.

4.

Plaintiff was hired by Defendant in 1992. Plaintiff sustained an injury on the job in January 2009, as documented in the Employee Personal Injury/Occupational Illness Report, attached hereto as Exhibit "A."

5.

Plaintiff was diagnosed with further disabilities in June 2009 and January 2013.

6.

Since Plaintiff took his initial medical leave in 2009, Plaintiff has been cleared by his physician, and has continuously requested to return to work. *See*, for example, letter dated July 7, 2014, attached hereto as Exhibit "B," letter dated July 22, 2014, attached hereto as Exhibit "C," and Medical Status Form, attached hereto as Exhibit "D."

7.

Despite Plaintiff's numerous requests to return to work, Defendant refuses to allow Plaintiff to return to work.

8.

Plaintiff has learned that white persons who have suffered from disabilities and have been off work for significant periods of time, have been permitted to return to work.

9.

Plaintiff has been discriminated against based upon his disability, record of disability, and the fact that Defendant regards Plaintiff as having a disability.

10.

Defendant is liable to Plaintiff under the ADAAA, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981.

11.

Plaintiff has suffered lost income, mental anxiety and stress, and loss of contributions to the retirement system as a result of Defendant's refusal to allow Plaintiff to return to work.

12.

Plaintiff has filed the EEOC charge attached as Exhibit "E," and received the right to sue letter, attached as Exhibit "F."

13.

The actions of the Defendant in refusing to allow Plaintiff to return to work, even though his physicians have made it plain that he is able to work, constitutes outrageous conduct, for which Defendant should be liable for punitive damages.

**REQUEST FOR RELIEF**

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, for reinstatement and for reasonable attorneys' fees, costs and expenses.

RESPECTFULLY SUBMITTED, this the 4th day of November, 2015.

CHRISTOPHER C. DIGGS, Plaintiff

By: *<u>/s/ JIM WAIDE</u>*

Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEYS FOR PLAINTIFF